UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARY SCHNEIDER, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>FEDERAL BOND & COLLECTION SERVICE INC., d/b/a FBCS, INC., and JH PORTFOLIO DEBT EQUITIES, LLC, d/b/a JH CAPITAL GROUP,<br><br>   Defendants. | Case No.: 17-cv-356<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Mary Schneider is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Federal Bond & Collection Service Inc., ("FBCS") is a foreign corporation with its principal place of business located at 2200 Byberry Road, Suite 120,

Hatboro, Pennsylvania 19040. It does business under the fictitious or trade names "FBCS" and "FCBS, Inc."

6. FBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. FBCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. FBCS is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant JH Portfolio Debt Equities, LLC, ("JH Capital") is a foreign limited liability company with offices at 5757 Phantom Drive, Suite 225, Hazelwood, Missouri 63042.

9. JH Capital does business under the fictitious or trade name "JH Capital Group."

10. JH Capital is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time JH Capital acquires them.

11. JH Capital uses third party debt collection agencies, including FBCS, to collect consumer debts originally owed to others and currently held by JH Capital. JH Capital, directly or indirectly, is a debt collector under this arrangement. 15 U.S.C. § 1692a(6).

12. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

13.     A company meeting the definition of a "debt collector" under the FDCPA (here, JH Capital) is vicariously liable for the actions of a second company (FBCS) collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

**FACTS**

14.     On or about January 26, 2017, FBCS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "JH PORTFOLIO DEBT EQUITIES LLC, DBA JH CAPITAL GROUP" and originally owed to "Comenity Bank." A copy of this letter is attached to this complaint as Exhibit A.

15.     Exhibit A states that it is attempting to collect a "New York & Company" ("NY&Co.") branded credit card account, formerly owed to Comenity. Comenity issues NY&Co. branded credit cards. http://www.nyandcompany.com/static/nyco-reward-card/.

16.     Upon information and belief, Comenity sold the NY&Co. account referenced in Exhibit A to JH Capital or a predecessor in interest after the debt was in default and charged off.

17.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18.     Upon information and belief, Exhibit A is the first letter that FBCS sent to Plaintiff regarding this alleged debt.

19.     Exhibit A states that the "Outstanding Balance" of the debt is $911.67.

20.     Exhibit A also states:

We can accept this reduced amount under your preferred option:
1. Pay the full amount of $729.34 to us in one payment
2. Pay $145.87 as a down-payment and the remaining balance of $583.47 30 days after your first payment is received.
3. You may have an opportunity to split your settlement into 1 payments of $729.34 each. Call our office for details.

3

21. <u>Exhibit A</u> is misleading and confusing to the unsophisticated consumer. In one place it identifies the balance as $911.67. In another place on the same letter, FBCS states that the "full amount" is $729.34.

22. The unsophisticated consumer reading <u>Exhibit A</u> could not be sure which amount FBCS was actually attempting to collect.

23. <u>Exhibit A</u> further offers "to split your settlement into 1 payments (*sic*) of $729.34 each."

24. The statement above makes no sense. A lump sum and "splitting" an amount into multiple payments are mutually exclusive concepts. The unsophisticated consumer would be baffled about what FBCS was actually offering.

25. FBCS's misrepresentation of the character and amount of the alleged debt is material because it obfuscates the true character of the alleged debt. The unsophisticated consumer cannot determine from the letter what FBCS is actually collecting.

26. Moreover, <u>Exhibit A</u> also contains the following language:

> If, as a result of this settlement, the amount forgiven or cancelled on this debt equals or exceeds $600, the IRS may require the creditor to report the amount forgiven or cancelled on a Form 1099-C. You may receive this form for the year in which the settlement is completed. If you would like advice about the potential tax consequences that may result from this settlement, my client recommends that you consult a tax professional of your choosing. My client does not make any representations about the tax consequences that this settlement may have for you or any reporting requirement that may be imposed.

27. The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

28. Reporting is not required:

    a. Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

    b. Of the discharge of principal not exceeding $600.

4

Case 2:17-cv-00356-PP   Filed 03/10/17   Page 4 of 10   Document 1

29. Furthermore, even if the discharge of indebtedness has to be reported, there are substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

30. No taxable income results from the discharge of indebtedness if:

    a. The debtor is insolvent;

    b. The debt is disputed.

31. Many persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.

32. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to file an IRS Form 1099C.

33. Upon information and belief, Comenity files an IRS Form 1099C as a general practice, whenever a consumer discharges more than $600 pursuant to a settlement.

34. Upon information and belief, neither FBCS nor Comenity take any steps to determine whether the IRS *actually* requires the creditor to file a 1099C in any particular consumer's circumstance.

35. Moreover, on information and belief, a substantial portion of the debt described in Exhibit A – well in excess of $600 – consists of interest, late fees, and other non-principal amounts.

36. Referring to tax consequences in a collection letter is intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt in full will give rise to problems with the Internal Revenue Service ("IRS").

37. Exhibit A misleads the unsophisticated consumer by implying that:

    a. Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer could be reported to the IRS.

b. Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

38. Sometimes issuing a 1099C when not required does, in fact, create problems with the IRS and state taxing authorities. Persons who do not report the discharged amount listed on a 1099C as income are at risk to receive a tax deficiency notice or a reduced refund.

39. Defendants voluntarily choose to give the tax advice found in Exhibit A. No law or regulation obligates defendants to include the statement complained of in collection letters.

40. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

42. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

45. 15 U.S.C. § 1692g(a)(1) states:

a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

46. Plaintiff was confused by Exhibit A.

47. The unsophisticated consumer would be confused by Exhibit A.

48. Plaintiff had to spend time and money investigating Exhibit A.

49. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

50. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

51. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

**COUNT I -- FDCPA**

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. Exhibit A is misleading and confusing to the unsophisticated consumer.

54. Exhibit A is ambiguous and unclear as to the amount that FBCS is actually attempting to collect. In one place it identifies the balance as $911.67. In another place on the same letter, FBCS states that the "full amount" is $729.34.

55. The unsophisticated consumer reading Exhibit A could not be sure which amount FBCS was actually attempting to collect.

56. Exhibit A also offers "to split your settlement into 1 payments (*sic*) of $729.34 each."

57. The statement above makes no sense. A lump sum and "splitting" an amount into multiple payments are mutually exclusive concepts. The unsophisticated consumer cannot determine what FBCS was actually offering from Exhibit A.

58. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a).

8

Case 2:17-cv-00356-PP    Filed 03/10/17    Page 8 of 10    Document 1

## COUNT II – FDCPA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. Defendants' references to potential tax consequences of settling a debt violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

61. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.*, 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.*, 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D. Fla., April 6, 2007).

## CLASS ALLEGATIONS

62. Plaintiff brings this action on behalf of a Class, consisting of Plaintiff defines the class as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes and owed to JH Capital, (d) between March 10, 2016 and March 10, 2017, inclusive, (e) that was not returned by the postal service.

63. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

64. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

65. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

67. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

68. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 10, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com